IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY J. MEDIRAN,<br><br>           Plaintiff,<br><br>    v.<br><br>THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, et al.,<br><br>           Defendants. | NO. C 09-00538 TEH<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT, AND FOR MODIFICATION OF ORDER TO GRANT LEAVE TO FILE AMENDED COMPLAINT |

       This matter comes before the Court on the Motion to Set Aside Judgment, and for Modification of Order to Grant Leave to File Amended Complaint, filed by Plaintiff Jeffrey J. Mediran ("Plaintiff"). Plaintiff seeks to set aside the judgment entered for Defendants International Association of Machinists and Aerospace Workers ("Union") and United Air Lines, Inc. ("United") on June 17, 2009. After reviewing the parties' written arguments, the Court finds this motion suitable for resolution without oral argument and VACATES the motion hearing scheduled for September 14, 2009. For the reasons set forth below, the Court DENIES Plaintiff's motion.

       Plaintiff filed his Complaint against the Union and United in San Francisco County Superior Court on January 2, 2009, asserting four causes of action: (1) breach of the duty of fair representation, against the Union; 2) breach of contract, against United; (3) injunctive relief, against both Defendants; and (4) fraud, against the Union. The action was removed to federal court on February 5, 2009, and both Defendants moved for judgment on the pleadings, which the Court granted in a June 16, 2009 Order ("6/16/09 Order").

1    The Court ruled in Defendants' favor on two bases.  First, three of Plaintiff's four
2 causes of action were preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et*
3 *seq.*, which provides the exclusive remedy for minor disputes involving collective bargaining
4 agreements in the airline industry.  Second, all four claims were barred because the
5 six-month statute of limitations had run before Plaintiff filed his Complaint.  Plaintiff now
6 asks the Court to reconsider that ruling.  The Court declines to do so.

7    Plaintiff moves pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6),
8 which allow the Court to relieve a party from a final judgment or order due to "mistake,
9 inadvertence, surprise, or excusable neglect," Fed. R. Civ. Proc. 60(b)(1), or for "any other
10 reason that justifies relief," *id.* 60(b)(6).  Plaintiff fails to explain how relief is justified under
11 either standard.  Rule 60(b)(6) is used only "sparingly as an equitable remedy to prevent
12 manifest injustice," and requires the moving party to "demonstrate both injury and
13 circumstances beyond his control that prevented him from proceeding with the action in a
14 proper fashion."  *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006)
15 (internal citations omitted).  Plaintiff has demonstrated neither, nor has he even attempted
16 such a showing.  He likewise describes no mistake or neglect that could justify relief under
17 Rule 60(b)(1), arguing only that the basis for his motion is that the 6/16/09 Order "did not
18 allow for amendment" of the Complaint.  Pl.'s Reply to United's Opp'n at 5.

19    In addition to seeking relief from judgment, Plaintiff also asks the Court to grant him
20 leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a), which
21 instructs the Court to "freely give leave when justice so requires."  Fed. R. Civ. Proc.
22 15(a)(2). In the Proposed Amended Complaint ("PAC") attached to his motion, Plaintiff has
23 dropped his claims for injunctive relief and fraud, proposing to bring only a duty of fair
24 representation claim against the Union, and a breach of contract claim against United.  He
25 also supplements his allegations regarding his pursuit of internal grievance procedures
26 between 2005 and 2008, asserting that Union representatives repeatedly told him that "the
27 grievance procedures were being processed and perfected on his behalf."  Motion at 4.
28

1  Those facts, according to Plaintiff, should toll the statute of limitations because he
2  "reasonably relied upon" the Union representatives. *Id.*
3      Plaintiff appears to believe that the Court concluded his claims were time-barred
4  because he did not allege sufficient facts to show that the statute of limitations had been
5  tolled. Plaintiff misconstrues the Court's 6/16/09 Order. The Court observed that the
6  Complaint "clearly asserts that over the period from September 2005 to January 2008, his
7  'follow-ups were ignored by defendants over time.'" 6/16/09 Order, at 8 (quoting
8  Complaint). Rather than tolling the statute of limitations, Plaintiff's continuous but
9  ineffectual attempts to move his grievance forward should have given him "ample reason to
10 believe there was a problem with his grievance." *Id.* Plaintiff cannot escape this conclusion
11 by merely providing further detail of his communications with the Union regarding his
12 grievance. A cause of action accrues under the RLA when "the plaintiff knew, or should
13 have known, of the defendant's wrongdoing and can successfully maintain a suit in the
14 district court." *Allen v. United Food & Commercial Workers Int'l Union*, 43 F.3d 424, 427
15 (9th Cir. 1994). Although a fair representation claim may be "tolled while good faith
16 attempts are made to resolve that claim through grievance procedures," that is appropriate
17 only "where the pursuit of contractual remedies would toll the statute for only a few
18 months." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1510 & n.4 (9th Cir. 1986). Furthermore,
19 the collective bargaining agreement between the Union and United imposes strict deadlines
20 on every phase of the grievance process, requiring a "step two" grievance to be filed no more
21 than 15 days after the first level is completed. According to Plaintiff's allegations,
22 approximately three years passed with no action on his stage two grievance. Clearly Plaintiff
23 "should have known"of the alleged wrongdoing soon after the grievance deadlines had
24 passed with no action. The Court stands by its conclusion that "the statute had certainly run
25 on Mediran's claims by January 2009, more than three years after the beginning of the period
26 in which Mediran alleges that Defendants failed to prosecute or participate in the grievance
27 process." 6/16/09 Order at 8.
28

3

1    Therefore, even if Plaintiff had presented a legitimate basis for relief from judgment
2 under Rule 60(b), his PAC would still fail to survive a motion for judgment on the pleadings.
3 As such, there is no reason to grant Plaintiff leave to amend. *See Bonin v. Calderon*, 59 F.3d
4 815, 846 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion
5 for leave to amend.").

6    Plaintiff's Motion to Set Aside Judgment, and for Modification of Order to Grant
7 Leave to File Amended Complaint, is DENIED.

**IT IS SO ORDERED.**

Dated: September 9, 2009

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4